**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | Criminal Action No. 05-79-GMS |
| **HARRY REHRIG, III,** | : | |
| **Defendant.** | : | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and April M. Byrd, Assistant United States Attorney for the District of Delaware, and Eleni Kousoulis, Esquire, attorney for the defendant, Harry Rehrig, III, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to plead guilty in the United States District Court for the District of Delaware to a one-count Felony Information, which charges the defendant with possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

2.  The following maximum penalties are applicable: twenty (20) years imprisonment; three (3) years supervised release; a $1,000,000 fine, and a $100 special assessment.

3.  The elements of the offense are as follows:

    •   The defendant knowingly possessed a controlled substance;

    •   The defendant intended to distribute the substance; and

    •   The substance contained a detectable amount of cocaine.

  4. The defendant admits that on or about October 8, 2004, he knowingly possessed approximately 72.21 grams of cocaine with the intent to distribute it.

  5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence, and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

  6. Provided that the United States does not subsequently learn of conduct or statements by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under United States Sentencing Guidelines § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional one-level reduction under United States Sentencing Guidelines § 3E1.1(b), based on the defendant's conduct to date, and will so move the Court at sentencing.

  7. The defendant agrees not to seek any downward departure from or reduction to the offense level and guidelines range established by the presentence report, except a two or three-level reduction in the offense level for acceptance of responsibility as set forth in paragraph 4 herein.

  8. The defendant agrees to cooperate fully and truthfully with the Government as follows:

    a. The defendant agrees to provide truthful, complete and accurate information and testimony.  The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b. The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Felony Information, and any other crimes about which he has knowledge. The defendant further understands and agrees that all information and cooperation provided pursuant to this agreement is on the record.

c. The defendant agrees that any statements made by him prior to the date of this agreement become on the record, if they were not already, upon entry of this agreement. The defendant also agrees that if any statements he made to the Government before the date of this agreement were untruthful in any material way, this agreement is violated and may be voided by the Government. The defendant further agrees that his guilty plea would stand and could not be withdrawn by him.

d. The defendant agrees that he will not falsely implicate any person or entity and will not protect any person or entity through false information or omission.

e. The defendant agrees to testify truthfully and completely at any grand jury proceeding, hearing, trial or other legal proceeding when called as a witness.

f. The defendant agrees to hold himself reasonably available for interviews as the Government may require.

g. The defendant agrees to provide all documents and other items currently under his control and those that may come under his control, which may pertain to any crime.

h. The defendant understands that his cooperation as set forth herein shall be provided to any law enforcement agency as requested by counsel for the Government.

i. To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that

sentencing be postponed until his cooperation is complete as determined by the Government.

      j.  The defendant agrees that if the Government determines that he has not provided full and truthful cooperation, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government.  The defendant further agrees that his guilty plea would stand and could not be withdrawn by him.

      k.  The defendant agrees that if the Government determines that he has committed any federal, state, or local crime, between the date of this agreement and his sentencing, this agreement may be voided by the Government and he will be subject to prosecution for any federal crime of which the Government has knowledge, including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.  The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him, including at trial.  Moreover, the defendant agrees that his plea would stand and could not be withdrawn by him.

    9.  If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

      a.  Make the nature and extent of the defendant's cooperation known to the Court.

      b.  Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C. §3553(e) only if the Government, in its sole discretion, determines that the defendant has provided substantial, truthful, and full assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that as of the date of this agreement, no determination has been made as to his eligibility for a substantial assistance motion.  The defendant further understands that

the Government in its sole discretion will decide whether and how to investigate any information provided by him.  The defendant understands and agrees that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion regardless of the nature and extent of his cooperation.  The defendant further agrees that his guilty plea would nevertheless stand and could not be withdrawn by him.

    c. Make whatever sentencing recommendation the Government deems appropriate.

  10. The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may cooperate or testify.

  11. The defendant agrees to pay at the time of sentencing any special assessment ordered by the Court.

  12. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

  13. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and any subsequent proceeding.

  14. The parties understand that the Court is not bound by any stipulation or recommendation reached by the parties.  The defendant understands and agrees that he may not withdraw his guilty plea in the event that (1) the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or (2) he does not receive the benefits

he expects from any such stipulation or recommendation.

15. The parties agree that this Memorandum of Plea Agreement supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

BY:

_____      _____
Eleni Kousoulis, Esquire          April M. Byrd
Attorney for Defendant            Assistant United States Attorney
Harry Rehrig, III


_____
Harry Rehrig, III
Defendant


Dated: September 12, 2005


**AND NOW** this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Gregory M. Sleet
United States District Court
District of Delaware

-6-